UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAMONT WRIGHT,                         )
    Plaintiff,                         )
                                       )
                                       )
v.                                     )  Civil Action No. 14-00272(RBW)
                                       )
                                       )
UNITED STATES DEPARTMENT OF            )
JUSTICE, CRIMINAL DIVISION,            )
                                       )
                                       )
UNITED STATES DEPARTMENT OF            )
JUSTICE, OFFICE OF INFORMATION         )
POLICY,                                )
                                       )
    Defendants                         )

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION
## FOR EXTENSION OF TIME

Pursuant to Fed. R. Civ. P. 34(b)(2) and 5 U.S.C. Sec. 552(a)(4)(B), the Plaintiff respectfully request that this Court reconsider the order granting the United States Department of Justice ("DOJ"), Criminal Division and the United States DOJ Office of Information Policy ("OIP"), ("Defendants"), an extension of time to complete it's "search for responsive records" for the plaintiff's Freedom of Information Act/Privacy Act ("FOIA/PA") request that was initially acknowledged by the defendant Criminal Division now over three hundred days ago, on or about September 15, 2013. ECF. No. 1. The Plaintiff currently has a criminal action pending in the United States District Court for the Western District of Pennsylvania ("WDPA")[1]. The existence or non-existence of the records the plaintiff seeks via the FOIA/PA request in this action would aid the plaintiff's defense in his pending WDPA criminal proceedings. The defendant's numerous motions for extension of time, willful and intentional with-

---

[1] **Plaintiff's** WDPA Criminal Docket verifying pending criminal proceedings. Exhibit AA

holding of potentially exculpatory evidence, and procedural due process acts of bad faith are unfairly prejudicial to the plaintiff in his pending WDPA criminal case, and further delay could result in violations of his due process rigths toaa fair trial in his pending criminal matter.[2] The plaintiff further request that this Court order the defendants to respond to his FOIA/PA request, that is the subject of this action, with expedited treatment, in a manner that is both consistent with and complaint to 5 U.S.C. Sec. 552(a)(6)(A)(i) and 28 C.F.R. 16.5(d)(1)(iii), requiring expedited treatment of such requests. In support hereof the plaintiff avers the following:

1. On, or about August 31,2013 the plaintiff sent a FOIA/PA request to the defendant DOJ Criminal Division seeking "the Title III authorization memorandums, and all the documents involved in the approval for the electronic surveillance of his alleged telephone, and all the other telephones...", now over three hundred (300) days ago. ECF No. 1.

2. In a letter dated November 18,2013 the defendant the Criminal Division responded to the plaintiff in a recalcitrant manner some fifty (50) days beyond the time permitted by 5 U.S.C. Sec. 552(a)(6)(A)(i). In an act of bad faith with total disregard for long-standing DOJ FOIA/PA request procedural processing standards,[3] accepted agency policy, and the Courts precedent case laws regarding such, the defendant the Criminal Division refused to even conducted a search in violation of 5 U.S.C. Sec. 552(a)(3)(A).

3. By letter dated November 26,2013 the plaintiff duly filed an appeal with the defendant DOJ OIP challenging the Criminal Division's obdurate response to the plaintiff. In an act of bad faith and non-compliance to 5 U.S.C. Sec. 552(a)(6)(A)(ii), defendant OIP failed to render a decision on the plaintiff's appeal until

---

[2] "the Supreme Court has held...a due process violation occurs..."(See Arizona v. Youngblood 109 S.Ct. 333,102 L. Ed. 281 (1988))

[3] "Pursuant to long-standing FOIA/PA Unit search procedures..."(See Wolfson v. U.S. 672 F.Supp. 2d 20 (D.D.C. 2009))

December 30,2013, some ten (10) days beyond the time permitted by the FOIA for response of administrative appeals by the defendant OIP. ECF No. 1.

4.     On April 7,2014 the defendants filed a motion for extension of time with the Court in part the defendants state "...substantially similar complaints have also been filed...by persons who appear to have been indicted in the same drug operation as the plaintiff." ECF No. 3.. Per the attached exhibit AA, the plaintiff has **not** been indicted with any of the five individuals referenced by the defendants in ECF No. 3, except plaintiff Randee A. Gilliam. Per exhibit BB, the plaintiff and the plaintiff's indicted co-defendant, Randee A. Gilliam have both been unfairly prejudiced by the defendants continous delays, frivilous motions for extension of time, and the defendants willful and **intentional** withholding of potentially exculpatory evidence as the plaintiff and his co-defendant have had to file numerous motions for extension of time to file pretrial motions in their pending WDPA criminal case no. 2:12-cr-00093 (NBF), in which the responsive records found or not found would aid the plaintiff's defense in the WDPA criminal proceedings.[4]

5.     On April 7,2014 the defendants also state in part that "The Criminal Division is currently collecting, reviewing, and processing potentially responsive materials..." ECF No. 3. In an act of bad faith the defendants requested "a 60-day extension of time" for this search for responsive records to the plaintiff's FOIA/PA initially acknowledged by the defendant Criminal Division on November 18,2013. Under the provisions of 5 U.S.C. Sec. 552(a)(6)(A)(i), the search for responsive records sought by the plaintiff's FOIA/PA request should have lawfully begun and been completed by the defendant Criminal Division over nine (9) months ago.[5]

---

[4] Exhibit BB, the plaintiff's and co-defendants numerous motions for pretrial extension in their pending WDPA criminal case no. 2:12-cr-00093 (NBF)

[5] See Wolfson at 26-27

6.      On June 5, 2014 the defendants filed another motion for extension of time with this Court. Once again the defendants without good cause requested a 60-day extension. ECF No. 7. The defendants state in part "Defendant is in the process of conducting a search for records responsive to Plaintiff's FOIA request...". Under the provisions of 5 U.S.C. Sec. 552(a)(6)(A)(i), a "request for records" should be determined within twenty (20) days. In an act of bad faith and without good cause, by the granting of the defendants motions for extension of time ECF No. 3 and ECF No. 7, respectively on April 7, 2014 and June 5, 2014, the defendants have effectively been permitted hundred (100) days beyond the statue to make a determination as to responsive records for the plaintiff's FOIA/PA request sent to the defendant Criminal Division in September of 2013. ECF No. 1.

7.      The Plaintiff is, indeed, facing grave punishment in his on going WDPA criminal case and there is a strong reason to believe that the Title III wire intercepts used against the plaintiff and his co-defendants in the WDPA criminal proceedings were unlawfully obtained, and thus under the suppression provisions of Title III, 18 U.S.C. Sec. 2515 and Sec. 2518(10)(a), these intercepts and any evidence derive as a result of their usage would have to be suppressed. The likely suppression of these, apparently, unlawful Title III wire-intercepts and their derivative evidence gathered would aid the Plaintiff, and his co-defendants in their defense in the WDPA criminal proceedings, in which pre-trial motions are now due for the plaintiff, his indicted co-defendant, Randee A. Gilliam on June 28, 2014 and co-defendant Eric D. Campbell on July 28, 2014.[6]

---

6  See current WDPA criminal docket for 2:12-cr-00093(NBF)

With the following being undisputable facts, in the best interest of justice, and under the Court's standard precedent rulings in such matters as opined in Aguilera v. FBI[7], the Plaintiff ask that the Court order expedition of the plaintiff's FOIA/PA request in a manner that is complaint to 5 U.S.C. Sec. 552(a)(6)(E)(i)(I), in accordance with 28 C.F.R. Sec. 16.5(d)(1)(iii), and the plaintiff's standing request for relief in this action. ECF No.1. (See Aguilera v. FBI 941 F. Supp. 152,153 (D.D.C. 1996), quoting Cleaver v. Kelley, 427 F.Supp. 80 (D.D.C. 1976), and Freeman v. U.S. DOJ. No. 92-557 (D.D.C. October 2,1992)[8]. Accordingly, it is respectly requested that an order be granted by the Court that the defendants provide to the plaintiff a dispositive motion, or in the alternative a schedule for the production of responsive records, and a Vaughn Index detailing the method and the scope of all the searches conducted by the defendant Criminal Division since the November 18,2013 acknowledgement of the plaintiff's FOIA/PA request to such by no later than July 1,2014.

**WHEREFORE**, based on the foregoing, the Plaintiff respectfully request that the Court grant the requested relief. A proposed order accompanies this motion.

June 11,2014

Respectfully submitted,

*Lamont Wright*
LAMONT WRIGHT, Pro Se
NEOCC NO. 33414-068
2240 Hubbard Road
Youngstown, OH. 44505

---

[7] "Aguilera has made a strong showing of exceptional and urgent need..." The D.C. District Court, thus ordered the FBI to provide Plaintiff, Aguilera with a voluminous disclosure of responsive records in thirty (30) days. (See Aguilra at 152,153)

[8] The D.C. District Court ordered FBI to provide the Plaintiff, Cleaver with all responsive records in twenty (20) days. (See Cleaver at 82)

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice, has been sent to the Clerk of courts for electronic dissemination by regular U.S. mail postage prepaid.

Respectfully Submitted,

/s/ *Lamont Wright*
LAMONT Wright

NEOCC #33414068

2240 Hubbard Rd.

Youngstown, Ohio 44505

Exhibit AA (1 of 4)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v.     )<br>)<br>RANDEE GILLIAM )<br>DORIAN GILLIAM )<br>JOHN SABAN )<br>  a/k/a Old Dude )<br>ARLEN SMITH )<br>  a/k/a Terry )<br>COURTNEY WALLACE )<br>  a/k/a Court )<br>KEVIN MCKINZIE )<br>LAMONT WRIGHT )<br>  a/k/a Whitey )<br>  a/k/a Mont )<br>GENARO COLEMAN )<br>  a/k/a Nardo )<br>ERIC CAMPBELL )<br>  a/k/a Grayhead )<br>FREDERICK ELLIS ) | Criminal No. 12-93 |

## SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Charles A. Eberle, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a four-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

EXHIBIT AA (2 of 4)

CUSTODY,PRIOR

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
### CRIMINAL DOCKET FOR CASE #: 2:12-cr-00093-NBF-7

Case title: USA v. GILLIAM et al  
Magistrate judge case number: 2:12-mj-00211-RCM

Date Filed: 04/10/2012

Assigned to: Judge Nora Barry Fischer

**Defendant (7)**

**LAMONT WRIGHT**  
USMS 33414068  
*also known as*  
WHITEY  
*also known as*  
MONT

represented by **Chris Rand Eyster**  
100 Ross Street  
Suite 304  
Pittsburgh, PA 15219-2013  
(412) 765-0633  
Email: eysman@earthlink.net  
*TERMINATED: 09/25/2012*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
Designation: CJA Appointment

**James M. Kersey**  
James M. Kersey Attorney at Law  
1370 Ontario St, Suite 1350  
Cleveland, OH 44113  
(216) 241-3170  
Email: jkersey1@ameritech.net  
*ATTORNEY TO BE NOTICED*  
Designation: Retained

**Pending Counts**

21 U.S.C. 846 CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE  
(1)

**Disposition**

| | | |
|---|---|---|
| 06/14/2013 | 408 | MOTION for Extension of Time to File Pretrial Motions by LAMONT WRIGHT. (Attachments: # 1 Proposed Order) (Kersey, James) (Entered: 06/14/2013) |
| 06/14/2013 | 409 | ORDER granting 408 Motion for Extension of Time to File Pretrial Motions as to LAMONT WRIGHT (7) to the extent that said defendant's Pretrial Motions are now due by 7/17/13; that that the extended time period within which said defendant may file pretrial motions (from 6/21/13 7/17/13) be deemed to be excluded under the Speedy Trial Act, 18 U.S.C. § 3161 et seq. (details more fully stated in said Order). Signed by Judge Nora Barry Fischer on 6/14/13. (jg) (Entered: 06/14/2013) |
| 06/14/2013 | | Brief in Support by LAMONT WRIGHT re 408 MOTION for Extension of Time to File Pretrial Motions. (Filed with document 408 ) (ksa) (Entered: 06/17/2013) |
| 07/02/2013 | 420 | Nunc Pro Tunc MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM as to RANDEE GILLIAM, DORIAN GILLIAM, JOHN SABAN, SR, ARLEN SMITH, COURTNEY WALLACE, KEVIN MCKINZIE, LAMONT WRIGHT, GENARO COLEMAN, ERIC CAMPBELL, FREDERICK ELLIS. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: 07/02/2013) |
| 07/02/2013 | | ORDER terminating 420 Motion for Extension of Time to File Pretrial Motions Nunc Pro Tunc as to DORIAN GILLIAM (2), JOHN SABAN SR. (3), ARLEN SMITH (4), KEVIN MCKINZIE (6), LAMONT WRIGHT (7), GENARO COLEMAN (8), ERIC CAMPBELL (9), and FREDERICK ELLIS (10), as said Motion only pertains to Defendant RANDEE GILLIAM (1). Counsel for defedant RANDEE GILLIAM is advised to only choose the party for whom they are making submission when filing on the Court's CM/ECF system. Ordered by Judge Nora Barry Fischer on 7/2/13. Text-only entry; no PDF will issue. This Text-only entry constitutes the Order of the Court or Notice on the matter. (jg) (Entered: 07/02/2013) |
| 07/10/2013 | 428 | MOTION to Suppress Title III wiretap by LAMONT WRIGHT. (Attachments: # 1 Supplement) (Kersey, James) Modified to remove Attachment 1 because court filed correctly as 31 Brief in Support by LAMONT WRIGHT re 428 MOTION to Suppress Title III wiretap on 7/11/2013. (jv) (Entered: 07/10/2013) |
| 07/10/2013 | 431 | Brief in Support by LAMONT WRIGHT re 428 MOTION to Suppress Title III wiretap (jv) (Entered: 07/11/2013) |
| 07/11/2013 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 428 MOTION to Suppress Title III wiretap. ERROR: Brief in support of motion should have been filed as a separate document. CORRECTION: Attorney advised in future that documents of that nature are to be filed as separate documents. Clerk of Court docketed 431 Brief in Support by LAMONT WRIGHT re 428 MOTION to Suppress Title III wiretap. This message is for informational purposes only. (jv) (Entered: 07/11/2013) |
| 07/11/2013 | | |

| | | |
|---|---|---|
| | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 428 Motion to Suppress. ERROR: Proposed Order was not attached. CORRECTION: Attorney is advised to file a proposed order by using the Proposed Order event (Located under "Other Documents in the Electronic filing system) and linking it to 428 Motion to Suppress. This message is for informational purposes only. (jv) (Entered: 07/11/2013) |
| 07/11/2013 | 433 | NOTICE OF HEARING as to LAMONT WRIGHT: A Status Conference is set for 7/15/13 at 10:30 AM in Courtroom 5B before Judge Nora Barry Fischer. (jg) (Entered: 07/11/2013) |
| 07/11/2013 | | ORDER as to LAMONT WRIGHT re 433 Notice of Hearing: Said Hearing was scheduled in error and is cancelled. Ordered by Judge Nora Barry Fischer on 7/11/13. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (jg) (Entered: 07/11/2013) |
| 07/15/2013 | 437 | Proposed Order *Suppression of wiretaps* (Kersey, James) (Entered: 07/15/2013) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/15/2013 10:30:59 | | |
| PACER Login: nl0057 | Client Code: | |
| Description: Docket Report | Search Criteria: | 2:12-cr-00093-NBF |
| Billable Pages: 8 | Cost: | 0.80 |

CUSTODY,PRIOR

# U.S. District Court
## Western District of Pennsylvania (Pittsburgh)
## CRIMINAL DOCKET FOR CASE #: 2:12-cr-00093-NBF-1
### Internal Use Only

Case title: USA v. GILLIAM et al  
Magistrate judge case number: 2:12-mj-00205-RCM

Date Filed: 04/10/2012

Assigned to: Judge Nora Barry Fischer

Appeals court case number: 13-1548  
Third Circuit

**Defendant (1)**

RANDEE GILLIAM      represented by    **John A. Knorr**  
John Knorr Law  
1204 Frick Building  
437 Grant Street  
Pittsburgh, PA 15219  
(412) 261-1186  
Email: jknorr@johnknorrlaw.com  
*TERMINATED: 06/25/2013*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: CJA Appointment*

**Patrick K. Nightingale**  
Nightingale Joseph, LLC  
210 Grant Street  
Suite 401  
Pittsburgh, PA 15219  
(412) 454-5582  
Email: pknightingale@mac.com  
*TERMINATED: 05/15/2013*  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: CJA Appointment*

**Sally A. Frick**  
407 Frick Building  
437 Grant Street  
Pittsburgh, PA 15219  
412/261-3340  
Fax: 412/261-9211  
Email: safattyusa@netscape.net  
*LEAD ATTORNEY*

| | | |
|---|---|---|
| | | 06/25/2013) |
| 06/25/2013 | 414 | ORDER granting 413 Motion to Withdraw of Attorney John A. Knorr, Esquire from case as to RANDEE GILLIAM (1). Signed by Judge Nora Barry Fischer on 6/25/13. (jg) (Entered: 06/25/2013) |
| 07/02/2013 | 420 | Nunc Pro Tunc MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM as to RANDEE GILLIAM, DORIAN GILLIAM, JOHN SABAN, SR, ARLEN SMITH, COURTNEY WALLACE, KEVIN MCKINZIE, LAMONT WRIGHT, GENARO COLEMAN, ERIC CAMPBELL, FREDERICK ELLIS. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: 07/02/2013) |
| 07/02/2013 | 421 | ORDER granting 420 Motion for Extension of Time to File Pretrial Motions Nunc Pro Tunc as to RANDEE GILLIAM (1); that the extension of time caused by this request (6/27/13 through 8/26/13) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161, et seq. (details more fully stated in said Order); that defendant RANDEE GILLIAM's Pretrial Motions are now due by 8/26/13. Signed by Judge Nora Barry Fischer on 7/2/13. (jg) (Entered: 07/02/2013) |
| 07/12/2013 | 435 | EXHIBIT RECEIPT (jv) (Entered: 07/12/2013) |
| 08/28/2013 | 476 | MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: 08/28/2013) |
| 08/28/2013 | 477 | ORDER granting 476 Nunc Pro Tunc Motion for Extension of Time to File Pretrial Motions as to RANDEE GILLIAM (1); that the extension of time caused by this request (8/26/13 through 10/25/13) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161, et seq. (details more fully stated in said Order); that defendant RANDEE GILLIAM's Pretrial Motions are now due by 10/25/13. Signed by Judge Nora Barry Fischer on 8/28/13. (jg) (Entered: 08/28/2013) |
| 09/12/2013 | 487 | MOTION for Interim Payment by RANDEE GILLIAM. (Attachments: # 1 Proposed Order) (Nightingale, Patrick) (Entered: 09/12/2013) |
| 09/12/2013 | 489 | ORDER as to RANDEE GILLIAM (1) indicating that upon consideration of the Motion to Permit Interim Payment filed by attorney Patrick K. Nightingale, Esquire, prior counsel for Defendant Randee Gilliam 487 ), it is hereby ordered that said Motion 487 is denied, without prejudice, to Mr. Nightingale presenting his final CJA 20 voucher, along with any documents and other evidence supporting his attorney fee claims at the conclusion of Defendant Randee Gilliam's case, at which time the Court will exercise its discretion and make a just apportionment of counsel fees between any and all attorneys appointed to represent Defendant Randee Gilliam in this case. Signed by Judge Nora Barry Fischer on 9/12/13. (jg) (Entered: 09/12/2013) |
| 10/31/2013 | 513 | MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: |

| | | |
|---|---|---|
| | | 10/31/2013) |
| 10/31/2013 | 514 | ORDER granting 513 Motion for Extension of Time to File Pretrial Motions as to RANDEE GILLIAM (1), trateed as a Nunc Pro Tunc Motion for Extension of Time; that the extension of time caused by this request (10/25/13 through 11/25/13) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161, et seq. (details more fully stated in said Order); that defendant RANDEE GILLIAM's Pretrial Motions are now due by 11/25/13. Signed by Judge Nora Barry Fischer on 10/3/13. (jg) (Entered: 10/31/2013) |
| 11/25/2013 | 531 | MOTION for Early production of Jencks material by DORIAN GILLIAM as to DORIAN GILLIAM. (Attachments: # 1 Proposed Order) (Vatz, Melvin) Modified to terminate as a motion as to all defts since court redocketed as to 549 Motion for Jenks Materail as to just Dorian Gilliam on 11/26/2013. (jv) (Entered: 11/25/2013) |
| 11/25/2013 | 536 | MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: 11/25/2013) |
| 11/26/2013 | 550 | ORDER granting 536 Motion for Extension of Time to File Pretrial Motions as to RANDEE GILLIAM (1); that the extension of time caused by this request (11/25/13 through 1/10/14) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161, et seq. (details more fully stated in said Order); that defendant RANDEE GILLIAM's Pretrial Motions are now due by 1/10/14. Signed by Judge Nora Barry Fischer on 11/26/13. (jg) Modified on 11/27/2013. (jg, ) (Entered: 11/26/2013) |
| 01/14/2014 | 567 | MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: 01/14/2014) |
| 01/14/2014 | 568 | ORDER granting 567 Nunc Pro Tunc Motion for Extension of Time to File Pretrial Motions as to RANDEE GILLIAM (1); that the extension of time caused by this request (1/10/14 through 2/10/14) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161, et seq. (details more fully stated in said Order); that defendant RANDEE GILLIAM's Pretrial Motions are now due by 2/10/14. Signed by Judge Nora Barry Fischer on 1/14/14. (jg) (Entered: 01/14/2014) |
| 02/12/2014 | 576 | MOTION for Extension of Time to File Pretrial Motions by RANDEE GILLIAM. (Attachments: # 1 Proposed Order) (Frick, Sally) (Entered: 02/12/2014) |
| 02/13/2014 | 577 | ORDER granting 576 Nunc Pro Tunc Motion for Extension of Time to File Pretrial Motions as to RANDEE GILLIAM (1); that the extension of time caused by this request (2/10/14 through 3/26/14) be deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161, et seq. (details more fully stated in said Order); that defendant RANDEE GILLIAM's Pretrial Motions are now due by 3/26/14. Signed by Judge Nora Barry Fischer on 2/13/14. (jg) (Entered: 02/13/2014) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAMONT WRIGHT Plaintiff, | )<br>)<br>)<br>) |
| v. | ) Civil Action No. 14-00272(RBW) |
| UNITED STATES DEPARTMENT<br>OF JUSTICE, CRIMINAL DIVISION, | )<br>)<br>) |
| UNITED STATES DEPARTMENT<br>OF JUSTICE, OFFICE OF INFORMATION<br>POLICY, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **PROPOSED ORDER**

Upon consideration of Plaintiff's motion to oppose Defendant's motion for extension of time, any opposition thereto, and for good cause shown, it is this ___, 2014. This said motion is GRANTED.

ORDERED, that due date for Defendants to file a dispositive motion, or in the alternative a schedule for the production of responsive records, and a Vaughn Index detailing the method and the scope of all searches conducted by the defendant Criminal Division since the November 18, 2013 acknowledgement of the plaintiff's FOIA/PA request to such by no later then July 1, 2014.

_____
UNITED STATES DISTRICT JUDGE