UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAMONT WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-0272 (RBW) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF INFORMATION POLICY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion seeking reconsideration of the Court's June 6, 2014 Order granting the defendants' request for an extension of time in which to answer or otherwise respond to the plaintiff's complaint. Plaintiff's Motion in Opposition to Defendant[s'] Motion for Extension of Time ("Pl.'s Mot."), ECF No. 8, at 1. For the reasons that follow, the Court will deny the plaintiff's motion.

Plaintiff Lamont Wright, proceeding pro se, instituted this litigation on February 18, 2014, alleging that defendants United States Department of Justice Criminal Division and United States Department of Justice Office of Information Policy ("DOJ") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), by denying his request for documents related to his pending criminal case in the United States District Court for the Western District of Pennsylvania, Complaint ("Compl.") at 3–5, and by failing to respond to his appeal of that

1

denial, id. at 6.  The defendants have twice moved for an extension of time in which to answer or otherwise respond to the plaintiff's complaint.  See ECF Nos. 3, 7.  In their second motion, the defendants requested an extension until August 8, 2014 because they are "in the process of conducting a search for records responsive to [the] [p]laintiff's FOIA request, as well as records responsive to other similar FOOIA requests that are the subject of five other recently filed actions" and expect that they "will complete [their] review of any records responsive to [the] [p]laintiff's FOIA request and begin drafting a declaration that [they] intend[] to use in support of a dispositive motion in early August 2014."  Defendant[s'] Motion for Extension of Time to Respond to Plaintiff's Complaint ("Defs.' Mot.") at 1–2, ECF No. 7.  Finding good cause for the extension, the Court granted the defendants' motion.  See Minute Order, June 6, 2014.

Shortly thereafter, the plaintiff filed the motion currently before the Court asking it to "reconsider the order granting the [defendants] an extension of time to complete [their] 'search for responsive records.'"  Pl.'s Mot. at 1.  The plaintiff argues that the defendants' "numerous motions for extension of time, willful and intentional withholding of potentially exculpatory evidence, and procedural due process acts of bad faith are unfairly prejudicial" to him in his pending criminal case, and that "further delay could result in violations of his due process rights to a fair trial in his pending criminal matter."  Id. at 1–2.  He also requests that the Court "order the defendants to respond to his FOIA/[Privacy Act] request, that is the subject of this action, with expedited treatment, in a manner that is both consistent with and [compliant] to 5 U.S.C. § 552(a)(6)(A)(i) and 28 C.F.R. § 16.5(d)(1)(iii)," id. at 2, and order the defendants to "provide to the plaintiff a dispositive motion, or in the alternative a schedule for the production of responsive records, and a Vaughn index detailing the method and the scope of all the searches conducted by the defendant Criminal Division . . . by no later than July 1, 2014," id. at 5.

The plaintiff's FOIA request seeks "Title III authorization memorand[a] and all other documents from [the DOJ] that were a part of the approval process for the electronic surveillance of [his] telephone and all the other telephones" with which he allegedly had contact. Compl. at 2. He asserts that production of these documents on an expedited basis is necessary because "there is strong reason to believe that the Title III wire intercepts used against the plaintiff and his co-defendants in the [Western District of Pennsylvania] criminal proceedings were unlawfully obtained" and that "[t]he likely suppression of these, apparently, unlawful Title III wire[]intercepts and their derivative evidence gathered would aid the [p]laintiff, and his co-defendants in their defense." Pl.'s Mot. at 4.

Federal Rule of Civil Procedure 54(b) authorizes a court to "reconsider an interlocutory decision 'as justice requires,'" U.S. ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F. Supp. 2d 258, 268 (D.D.C. 2012) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011)), such as where the court has "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred,'" id. (alteration in original) (citation omitted). The plaintiff makes no allegations of this kind. If the plaintiff believes that the government is not adhering to its discovery obligations in his criminal case, that issue must be raised before the judge presiding over his criminal case in the Western District of Pennsylvania, not before this Court. The Court thus finds no basis to reconsider its extension of the time in which the defendants must respond to the plaintiff's complaint.

The Court must also deny the plaintiff's request that it order the defendants to respond to his FOIA request on an expedited basis pursuant to 5 U.S.C. § 552(a)(6)(A)(i) and 28 C.F.R. § 16.5(d)(1)(iii), provisions which govern the time in which an agency must determine whether to

comply with a FOIA request and the expedited processing of certain requests, respectively. See 5 U.S.C. § 552(a)(6)(A)(i) (requiring that an agency determine whether it intends to comply with a FOIA request within twenty days of receipt of the request); 28 C.F.R. § 16.5(d)(1)(iii) (providing that FOIA requests and appeals that involve "[t]he loss of substantial due process rights" will be given expedited treatment).  As the plaintiff acknowledges, Compl. at 3–4, the DOJ responded to his August 31, 2013 FOIA request in a letter dated November 18, 2013, stating that "to the extent responsive records do exist, they are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(3)," Compl., Exhibit B.  While it appears that DOJ's response far exceeded the twenty-day processing period mandated by the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), the agency has already issued its determination in response to the plaintiff's FOIA request.  And although the plaintiff alleges that the DOJ acknowledged, but never resolved, his appeal of that denial, Compl. at 6, the defendants have represented that a dispositive motion is forthcoming, see Defs.' Mot. at 2, thus eliminating the need for the Court to order the DOJ to take further immediate action, see Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 64 (D.C. Cir. 1990) (noting that the purpose of the FOIA's time provisions is to permit a plaintiff to compel production of the documents, at which point the court may order the agency to respond to the request or review the request itself).  Moreover, the "penalty" for an agency's failure to respond by the deadlines set forth in the statute is the inability of the agency to argue that a plaintiff has failed to exhaust his administrative remedies.  See Citizens for Responsibility & Ethics in Washington v. FEC, 711 F.3d 180, 189 (D.C. Cir. 2013).

   Nor does the agency's failure to respond to the plaintiff's FOIA request in the time allotted by the statute provide a basis for expediting these proceedings.  See id. at 189 n.7.  The defendants represent that they expect to complete their review of any responsive records and to begin preparing a dispositive motion "in early August 2014," Defs.' Mot. at 2, just over a month

later than requested by the plaintiff, Pl.'s Mot. at 5, and less than six months after the plaintiff commenced this litigation. As discussed above, any concerns regarding discovery in the plaintiff's pending criminal case before the Western District of Pennsylvania—the only reason cited by the plaintiff for expediting these proceedings—should be presented to that court for resolution.

    Accordingly, it is hereby

    **ORDERED** that the Plaintiff's Motion in Opposition to Defendant's Motion for Extension of Time is **DENIED**.

    **SO ORDERED** this 17th day of July, 2014.

                                                REGGIE B. WALTON  
                                                United States District Judge