**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAMONT WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 14-0272 (RBW) |
| | ) |
| UNITED STATES DEP'T OF | ) |
| JUSTICE, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Pro se plaintiff Lamont Wright alleges that defendants United States Department of Justice Criminal Division and United States Department of Justice Office of Information Policy violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), by denying his request for documents related to his pending criminal case in the United States District Court for the Western District of Pennsylvania, Complaint at 3–5, and by failing to respond to his appeal of that denial, id. at 6. The defendants moved for summary judgment on October 22, 2014, ECF No. 14, and the plaintiff now seeks an enlargement of time until December 29, 2014, to file his opposition to the defendants' motion, Plaintiff's Motion to Enlarge Time to File a Motion to Oppose Defendants Dispositive Motion for Summary Judgment, ECF No. 15 ("Pl.'s Mot."), at 1. The plaintiff asserts that he requires the additional time because, as a pro se litigant detained at a federal correctional facility, he:

> has limited access to research material, legal stationary, volume copying capabilities, and he does not have access to a computer and thus must use old undependable and anti-quedated [sic] technology to respond to the government[']s voluminous filing in a short period of time . . . . The plaintiff's [opposition] to the defendants' dispositive motion will also be extremely voluminous as the defendants have taken the unusual stance of not releasing any documents to the plaintiff in their entir[e]ty.

1

Id. at 2.  For good cause shown, the Court grants the plaintiff's request for an extension of time to file his opposition.

In granting the plaintiff's request, the Court advises the plaintiff of the following: in Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the District of Columbia Circuit held that this Court must provide notice to parties appearing pro se that the failure of a party to respond to a dispositive motion "may result in the district court granting the motion and dismissing the case." Id. at 509.  Similarly, in Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), the Circuit stated that the district court must inform pro se litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Id. at 456 (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).

The court in Neal also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant.  Id.  Rule 56(e) of the Federal Rules of Civil Procedure provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  Rule 56(c) provides:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c). Thus, parties, such as the plaintiff, who are adverse to a motion for summary judgment, must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient.

In his motion, the plaintiff also requests "an order allowing the plaintiff to have access to his own lap top and unlimited access to a[n] office level copier." Pl.'s Mot. at 2-3. While the "[t]he Constitution guarantees prisoners the right of meaningful access to the judicial system," Green v. District of Columbia, No. 90-793, 1991 WL 251936, at * (D.D.C. Nov. 12, 1991) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)), this generally means access to "an adequate law library," as well as "paper and pen to draft legal documents with notarial services to authenticate them, and . . . stamps to mail them," Bounds, 430 U.S. at 824-25. The plaintiff in this matter has failed to articulate how his requested relief would remedy any constitutional deficiencies as to the legal facilities afforded to him under Bounds.

Moreover, "[a] suit is authorized under the FOIA against federal agencies only to remedy an agency's improper withholding of information." Tereshchuk v. Bureau of Prisons, No. 06-1031, 2007 WL 474179, at *2 (D.D.C. Feb. 9, 2007) (citing Kissinger v. Reporters Comm. For Freedom of the Press, 445 U.S. 136, 150 (1980)). Thus, a prisoner's challenge to the legal facilities afforded to him during the pendency of a FOIA action is "injunctive relief [that] specifically involves prison conditions . . . , not an attempt to enforce [the] FOIA." Tereshchuk, 2007 WL 474179, at *2; see also Jeanes v. U.S. Dep't of Justice, 231 F. Supp. 2d 48, 50 n.2

(D.D.C. 2002) ("[T]he plaintiff is not simply attempting to enforce a FOIA request; he is seeking to enjoin prison officials from retaliation."). As this Circuit has noted, "Congress has designated habeas as the appropriate vehicle for individuals who . . . challenge the lawfulness of their custody," and "the proper defendant in federal habeas cases is the warden" of the facility with custody of the litigant. Chatman-Bey v. Thornburgh, 864 F.2d 804, 809-11 (D.C. Cir. 1988); see also Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("The appropriate defendant in a habeas action is the custodian of the prisoner . . . ; only . . . the warden of [the detention facility] is a proper party." (internal quotation marks and citations omitted)); Guerra v. Meese, 786 F.2d 414, 416-17 (D.C. Cir. 1986) (the only proper defendant in a habeas action is the warden of the prisoner's facility; neither the Attorney General of the United States nor a component of the Department of Justice that supervises the plaintiff's confinement is a "custodian in the sense of the habeas corpus statute"). And where, as here, the proper defendant is absent from the litigation, the Court lacks jurisdiction to adjudicate the merits of the claim. See Common Cause v. Biden, 748 F.3d 1280, 1284-85 (D.C. Cir. 2014) ("The causation element [of standing] requires that a proper defendant be sued. That is, a plaintiff's claimed injury must have been caused by acts of the defendant, not of some absent third party." (internal quotation marks and citations omitted)). Accordingly, the Court must deny the plaintiff's requested relief pertaining to the conditions of his confinement.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Accordingly, the plaintiff's request for an extension of time to file an opposition to the defendants' motion for summary judgment is **GRANTED**, and the plaintiff shall file his opposition on or before December 29, 2014. If the plaintiff does not respond by that date, the Court will treat the motion as conceded and, if the circumstances

warrant, may enter judgment for the defendants. The plaintiff's request for an order requiring access to his personal laptop and an office-level copier is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 24th day of November, 2014.

REGGIE B. WALTON
United States District Judge